UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ACO FABRICA de CALCADO S.A.,

    Plaintiff,

-against-

TIC-TAC-TOES MANUFACTURING
CORPORATION,

    Defendant.

6:06-CV-0819 (DNH/GHL)

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, discovery in this Action may involve the production of documents and information by the parties and non-parties which relates to financial information, technical information, competitive information, personnel information, or other information which the producing person deems confidential; and

WHEREAS, it has been agreed by and among the parties and their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the Court;

NOW THEREFORE, pursuant to stipulation of the parties and their respective counsel, and of any non-party that, by itself or through its attorneys, agrees to the terms of this Order,

**IT IS HEREBY ORDERED THAT:**

1. <u>Definitions</u>

(a) The term "confidential information" means any information, whether oral or in documentary or other tangible form, designated pursuant to this Order by any producing person which that party in good faith believes constitutes or contains trade secrets or confidential information, which information is not generally known or which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. All documents prepared or derived from confidential information, such as copies, reproductions, extracts, summaries, memoranda, correspondence, or notes, shall likewise be considered confidential information.

(b) The term "highly confidential" information means any confidential information, whether oral or in documentary or other tangible form, designated pursuant to this Order by any producing person which that party in good faith believes constitutes or contains certain highly sensitive information regarding current or future products, certain highly sensitive financial information, competitive business information, or internal corporate decision making: such documents shall include but shall not be limited to contractual arrangements with third parties, marketing plans and forecasts, customer lists, or any proprietary data, computer programs, formulas, or know-how. All documents prepared or derived from highly confidential information, such as copies, reproductions, extracts, summaries, memoranda, correspondence, or notes, shall likewise be considered highly confidential information.

(c) The term "disclose" means to show, give, make available, or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this litigation.

(d) The term "document" means the original and any copy, regardless of origin or location, of any written or recorded material, in whole or in part, including, without limitation, electronically-stored information, as that term is used in the Federal Rules of Civil Procedure.

(e) The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, or agency.

(f) The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

(g) The term "receiving person" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

(h) The term "counsel of record" means the law firm of Nixon Peabody with respect to Plaintiff, ACO Fabrica de Calcado, S.A., and the law firms of Hancock & Estabrook LLP and Donovan & Yee LLP with respect to Defendant Tic-Tac-Toes Manufacturing Corporation, and includes Mark D. Robins, Maia H. Harris, Andrew C. Rose, Mary A. Donovan, Marya Lenn Yee, Andrea L. Calvaruso, and John G. Powers along with any other lawyers of the law firms and any other of their secretarial and other legal assistants and support personnel to whom it is necessary to disclose Protected Material solely for the purpose of litigating this action.

2. Any producing person may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents, testimony or other discovery material that contains confidential information or highly confidential information, respectively, by placing or affixing on each page of such material or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation that is inadvertently omitted during document production may be corrected by written notification to the receiving person.

3. Discovery materials designated "CONFIDENTIAL" shall be maintained in confidence by the receiving person, are solely for use in connection with this action, and shall not be disclosed to any person except:

3

a. the Court and Court personnel including court reporters who transcribe testimony at depositions, hearings or trial and any translators needed to translate documents into English;

b. counsel of record and employees of counsel of record actually assisting counsel in this action;

c. employees of the parties provided that each such employee has signed an undertaking in the form of Exhibit A attached hereto;

d. outside experts and consultants engaged by counsel or the parties to assist in this action and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization, provided that each such expert or consultant has signed an undertaking in the form of Exhibit A attached hereto.

e. in-house counsel involved in this action and any necessary legal assistants and clerical employees under their direct supervision;

f. employees of the producing person testifying at a deposition who have access authorized by the producing party to the confidential information and/or former employees of the producing person who previously had access authorized by the producing party to the confidential information.[*]

4. Discovery Materials designated "HIGHLY CONFIDENTIAL" shall be maintained in confidence for use by counsel of record who must have access to such documentation solely for use in connection with this action and shall not be disclosed to any person except:

---

[*] Evidence of authorized access includes, but is not limited to, the former employee's name appearing as author or recipient in a typed document.

4

a: the Court and Court personnel including court reporters who transcribe testimony at depositions, hearings or trial, and any translators needed to translate documents into English;

b: counsel of record and employees of counsel of record actually assisting counsel in this action;

c: outside experts and consultants engaged by counsel or the parties to assist in this action and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization, provided that each such expert or consultant has signed an undertaking in the form of Exhibit A attached hereto; and

d. employees of the producing person testifying at a deposition who have access authorized by the producing party to the confidential information.

5. If any producing person wishes to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to anyone under paragraphs 3(d) and 4(c) of this Order, the producing person shall serve on opposing counsel an original, signed copy of the undertaking in the form of Exhibit A, as well as a resume or statement of qualifications of such person. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material will be disclosed to such person if, within ten (10) business days after service of the signed undertaking, counsel receiving the signed undertaking serves a Notice of Objection to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to such person setting forth each objection and the basis therefor. The parties shall only interpose good faith objections. If no Notice of Objection is made within the ten (10) day period, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material may thereafter be disclosed to such person. If a Notice of Objection is made within ten (10) days, the parties shall use a good faith effort to overcome the Notice of Objection. If the parties cannot resolve the objections, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material will not be disclosed to the person, except upon order of the Court. The parties shall,

if at all possible, seek a prompt telephone conference with the Court for the purpose of resolving the question of disclosure.

6.  In the event that any question is asked at a discovery or testimonial deposition that calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the witness shall nevertheless answer such question unless he has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are qualified to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as the case may be. Counsel for the person claiming a level of confidentiality may designate portions of the deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL, either at the deposition by making a statement for inclusion in the deposition transcript, or within (15) business days after receipt of the deposition transcript by notifying opposing counsel in writing. In the event counsel for the person claiming a level of confidentiality designates a question and answer CONFIDENTIAL or HIGHLY CONFIDENTIAL at the deposition, counsel may direct that such question and answer be transcribed separately from the remainder of the deposition and the cover page and those portions of the original and all copies of the deposition transcript which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be separately bound and bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All transcripts of depositions shall be treated as highly confidential by each qualified person until twenty (20) business days after receipt thereof by each such qualified person or his counsel unless already notified by opposing counsel that no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation will be made.

7.  Should either party subpoena documents from or depose third party witnesses ("Subpoenaed Party") who may possess or have knowledge of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material belonging to the Subpoenaed Party or a party to this action, the producing person or party claiming that the information or documents are either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material may, before the documents are produced or the testimony is given, designate that the documents or testimony be deemed either

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, which shall subject such documents or testimony to the provisions of this Order pertaining to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. Prior to the designation of any Subpoenaed Party's materials or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" such that would subject such materials or information to the provisions of this Order, the Subpoenaed Party must sign an undertaking in the form of Exhibit A attached hereto. All such designations shall be subject to the right of the designating party to later redesignate the documents or information produced, or the testimony given, or the right of the other party to request that documents or information be redesignated through the process set forth in paragraph 8 below.

8. Any receiving person may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any response to such a motion by the opposing party must be made within the time period set forth by the rules of the Court. However, no failure to promptly move to undesignate or redesignate discovery material shall waive or compromise such a motion, provided such motion is made during the discovery period in the case.

9. In the event that a receiving person is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Order which seeks to compel a production of material that has been designated by a producing person as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" material, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" designation within seven (7) days of receipt of the subpoena and in any event, before the production date set forth in the subpoena. The party who has initially designated the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" material shall then have the responsibility to obtain a court order to quash the subpoena and/or obtain such other relief as will protect the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" nature of the material. Should such a motion to quash be filed before the requested production

date, the party upon whom the subpoena is served shall not deliver the documents until after such time as the Court rules on the subject motion; should an order be obtained, the party upon whom the subpoena is served shall comply with the order. Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena.

10. This Order fully applies to all discovery in this action.

11. All discovery materials whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or not designated at all, shall be used solely for the prosecution or defense of the claims in this action and only in connection with this action and shall not be used for any business, commercial, competitive, personal or other purpose.

12. All "HIGHLY CONFIDENTIAL" material shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Order. Within sixty (60) days after the conclusion of the trial and of any appeal or upon other termination of this litigation, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material produced by a person, and all copies thereof, shall be returned to the producing person, or counsel of record shall certify in writing that such material has been destroyed at the direction of the producing person. Each party's attorneys shall have the right to retain archive copies of documents constituting their own work product, a copy of pleadings, deposition transcripts and deposition or trial exhibits in its offices. Provisions of this Order, insofar as they restrict the communication and use of material shall, without written permission of the producing person or further order of this Court, continue to be binding on all persons subject to the terms of this Order until further order of the Court.

13. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other paper filed with the Court, including trial briefs and discovery and testimonial depositions disclosing any such

8

material, shall be filed in a sealed envelope and kept under seal by the Court until further order of the Court. To facilitate compliance with this Order, material filed under the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

14. Inadvertent production of any discovery material that would be protected from disclosure pursuant to this Order, the attorney-client privilege, the work product doctrine or any other relevant privilege or immunity shall not constitute waiver of the applicable privilege or immunity. If any such document or discovery material is inadvertently produced, the recipient of the document, upon request from the producing person, will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document. Provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or immunity.

15. Nothing contained in this Order shall preclude any party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material in any manner it sees fit, without prior consent of any party or the Court.

16. Nothing contained in this Order shall pertain to information or material that: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired by the receiving person from a third party having the right to disclose such information or material; or (c) was lawfully possessed by the receiving person prior to execution by the parties of this Order.

17. This Order shall in no way affect or impair the right of any person to raise or assert any defenses or objections to the discovery or production of documents or information to the use, relevancy or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

18. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended and modified. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action under the jurisdiction of the U.S. District Court.

19. The parties shall be bound by this Order upon execution by the parties.

AGREED AND CONSENTED TO:

HANCOCK & ESTABROOK LLP

By: John G. Powers (Bar Roll No. 508934)
1500 Tower I, PO Box 4976
Syracuse, New York 13221-4976
(315) 425-3500

DONOVAN & YEE LLP
Marya Lenn Yee *Pro hac vice*
Mary A. Donovan *Pro hac vice*
Andrea L. Calvaruso *Pro hac vice*
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

Attorneys for Defendant Tic Tac Toes
Manufacturing Corp.

SO ORDERED:

_____
U.S.D.J.

NIXON PEABODY LLP

By: Andrew C. Rose (Bar Roll No.
Omni Plaza, Suite 900
30 South Pearl Street
Albany, New York 12207
Phone: (518) 427-2650

Mark D. Robins *Pro hac vice*
Maia H. Harris *Pro hac vice*
100 Summer Street
Boston, MA 02110
(617) 345-1000

Attorneys for Plaintiff ACO Fabrica de
Calcado S.A.

SO ORDERED

_____
George H. Lowe
U.S. Magistrate Judge
Dated: MAY 25, 2007
Syracuse, New York

10

## **EXHIBIT A**

**Undertaking Concerning Confidential Material Covered by Confidentiality Order**

The undersigned hereby acknowledges that he/she has read the STIPULATED CONFIDENTIALITY ORDER dated _____, 2007 and entered in the United States District Court in connection with the Action captioned *ACO FABRICA de CALCADO S.A., v. TIC-TAC-TOES MANUFACTURING CORPORATION*, 06-CV-0819 (ONH/GHL), understands the terms thereof, and that he/she agrees to be bound by such terms.

The undersigned understands that a violation of this undertaking could be punishable as contempt of court, and may subject the undersigned to civil litigation in United States District Court by anyone injured by the disclosure of confidential or highly confidential information by the Undersigned.

_____      _____
Signature                                                           Date